The Honorable Bob J. Watts State Representative Route #1, Box 125 Harrison, Arkansas 72601
Dear Representative Watts:
This is in response to your request for an opinion on whether section 1(f) of Act 1293 of 1995 is discriminatory in that it favors certain retirees from public employment over others.
Act 1293 amended A.C.A. § 24-7-708 (Repl. 1992) by adding a new subsection (f). Arkansas Code Annotated § 24-7-708 provides, in essence, for a reduction in the benefits otherwise payable to an Arkansas Teacher Retirement System retiree who is also an employee of a public employer whose employees are covered by the System. New subsection (f) provides that such a person's benefits will not, however, be reduced if his employer is a state college, university, or vocational-technical school. As you point out, the new provision favors retirees who are employed by state colleges, universities, and vocational-technical schools over retirees who are employed by certain other public employers that are not mentioned in subsection (f).
Your request does not indicate which, if any, constitutional or statutory provisions you believe may be implicated. Because, however, the fact situation underlying your question involves disparate treatment of persons who are similarly (though not identically) situated (and the statute is unquestionably "discriminatory" in that sense), I assume your concern is primarily that the disparity could constitute a denial of equal protection of the laws to those retirees not favored by subsection (f). It is my opinion that, under existing precedent, the disparity would not be held to be a denial of equal protection.
Statutes creating disparities in retirement benefits are scrutinized under the rational basis test. United States R.R. Retirement Bd. v.Fritz, 449 U.S. 166 (1980); Hall v. Board of Trustees of Ark. Pub.Retirement Sys., 671 F.2d 269 (8th Cir. 1982), cert. denied, 459 U.S. 822
(1982); cf. Streight v. Ragland, 280 Ark. 206, 655 S.W.2d 459 (1983) (applying the rational basis test to a statute creating a tax exemption that directly affected the real value of retirement benefits), and Cityof Piggott v. Woodard, 261 Ark. 406, 549 S.W.2d 278 (1977) (applying the rational basis test to statutes having the effect of granting greater benefits at retirement to police officers than to other municipal employees).
Under the rational basis test, a statute will be upheld if the court can identify any legitimate governmental purpose that might be served by the statute and can perceive any rational relationship between the classification created by the statute and the achievement of that purpose. United States R.R. Retirement Bd. v. Fritz, supra; ArkansasHospital Assoc. v. State Board of Pharmacy, 297 Ark. 454, 763 S.W.2d 73
(1989). The court need not identify the actual purpose of the classification, but only a reasonably plausible one. United States R.R.Retirement Bd. v. Fritz, supra; Reed v. Glover, 319 Ark. 16,889 S.W.2d 729 (1994).
In this instance, section 5 of Act 1293, the emergency clause, indicates that the operation of A.C.A. § 24-7-708, without subsection (f), "deprives state colleges and universities[1] of a valuable educational resource of experienced instructors; and that the earnings limitation creates an inequity for members of the Teacher Retirement System who wish to teach in higher education." It thus appears reasonably plausible that the legislature determined that the retirement benefit reduction imposed by A.C.A. § 24-7-708 imposed a significant burden, in terms of recruitment and retention of retired teachers, upon colleges, universities, and vocational-technical schools. The encouragement of qualified and experienced retired teachers to accept and remain in employment in colleges, universities, and vocational-technical schools is certainly a legitimate governmental purpose of the state, and the provision of what are, in effect, more generous retirement benefits to such persons is, in my opinion, reasonably related to the achievement of that purpose. It seems equally plausible that the legislature determined that no relief from benefit reduction was necessary in order to attract and retain an sufficient number of qualified and experienced retirees to work for institutions other than colleges, universities, and vocational-technical schools. One may disagree with such a determination, but the courts will not question the wisdom of legislation if the legislation is "rationally related to achieving any legitimate objective of state government under any reasonably conceivable state of facts." Streight v. Ragland, supra, 280 Ark. at 214 (emphasis in original).
As noted above, your request does not indicate any provision of the Constitution of the United States or Arkansas, or any federal or state statute, under which you believe the disparity may be prohibited. I cannot, in the context of an opinion and without any such indication, offer you a blanket assurance that the disparity does not run afoul of any constitutional or statutory provision. I would point out, however, that the courts will presume that a statute is constitutional, and place upon the attacking party the burden of proving otherwise. All doubts will be resolved in favor of constitutionality, and where a constitutional construction is possible, a court will uphold the statute. Reed v.Glover, supra. In addition, the research undertaken in the preparation of this opinion has not brought to this office's attention any statute that would tend to call into question the legality of the distinction.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] The legislature presumably felt the same was true for vocational-technical schools.